UNITED STATES of America,
Plaintiff–Appellee,

v.

Sim Ed MOREE, Defendant–Appellant.

No. 90–1618.

United States Court of Appeals,
Fifth Circuit.

March 28, 1991.

Julie Ann Epps, Rienzi, Miss. (court-appointed), for defendant-appellant.

James B. Tucker, Asst. U.S. Atty., George Phillips, U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before RUBIN, POLITZ, and DUHÉ, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The defendant's original sentence was vacated by this court as a misapplication of the Sentencing Guidelines and the case was remanded to the district court. On remand, the district court sentenced the defendant in absentia and without affording him the right to allocute. The district court concluded that, because the new sentence was less onerous than the sentence originally imposed, the resentencing proceeding was a "reduction in sentence" under Federal Rule of Criminal Procedure 35, and that the presence of the defendant was therefore not required as stated in Rule 43(c)(4). Because we find that by sentencing him in absentia the district court violated the defendant's rights to be present and to allocute, we vacate.

I

Sim Ed Moree was convicted in March, 1988, on one count each of conspiring to obstruct justice and endeavoring to obstruct justice in violation of 18 U.S.C. §§ 371 and 1503. The district court grouped the counts under Sentencing

Guidelines § 3D1.2(b), and sentenced Moree to concurrent *twenty-one month terms* of imprisonment on each count, having increased the base offense level for the grouped counts by two under Guidelines § 3A1.1, the "vulnerable victim" enhancement provision. On Moree's original appeal, this court affirmed his convictions, but concluded that the district court had erred in applying the "vulnerable victim" provision. We therefore vacated Moree's sentences and remanded the case to the district court.[1] On remand, the district court sentenced Moree in absentia to concurrent sixteen month terms of imprisonment, the maximum allowable after deducting the two-level vulnerable victim enhancement.

## II

Once upon a time, the relationship between Rules 35 and 43 was relatively clear. Rule 35(a) provided that the district court "may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within" a certain time frame. Rule 35(b), subtitled "Reduction of Sentence", gave the district court discretion to "reduce a sentence without motion" if considerations of leniency or equity so warranted. Rule 43(a) provided (and still provides) that the "defendant shall be present ... at the imposition of sentence." Rule 43(c)(4) provided (and still provides) that the "defendant need not be present ... [a]t a reduction of sentence under Rule 35." The clear implication, supported by the Advisory Committee Notes, was that Rule 43(c)(4) stated an exception to the presence requirement for reductions of sentence under Rule 35(b).

Rule 35 was rewritten by Congress, however, as part of the Sentencing Reform Act of 1984. The new Rule 35(a) provides that the district court must, on remand, correct a sentence that has been "determined on appeal ... to have been imposed in violation of law, to have been imposed as a result of an incorrect application of the

sentencing guidelines, or to be unreasonable." Rule 35(b), now subtitled "Correction of Sentence for Changed Circumstances", provides that the district court may, on motion of the Government, lower a defendant's sentence to "reflect [his] subsequent, substantial assistance in the investigation and prosecution of another person." Rule 43, however, remains unchanged.

The question is thus posed: When is the "correction" of a sentence under the new Rule 35 a "reduction" of sentence under Rule 43(c)(4)? Does the latter apply only to Rule 35(b) corrections for changed circumstances? Or does it also apply to Rule 35(a) corrections on remand that happen to result in a less onerous sentence? And if Rule 43(c)(4) does apply to Rule 35(a) proceedings, then does the district court retain the discretion to impose on remand any legal sentence—including the authority to make, in the defendant's absence, any fact findings necessary to justify that sentence—or must the appellate court fashion a specific mandate and order the district court to enter judgment accordingly? And if the latter, does an appellate court have either the statutory authority under 18 U.S.C. § 3742(f)(1) or the practical competence to do so? With but slight imagination, one can envision an avalanche of possible problems. Fortunately, we need resolve none of them here, for while the outcome of this case were we guided solely by Rule 43 is uncertain, the outcome under that Rule, construed to avoid possible conflict with the Fifth and Sixth Amendments to the Constitution, is clear.

## III

■ We have long recognized the distinction between proceedings in the district court that modify an existing sentence and those that impose a new sentence after the original sentence has been set aside. In the former instance, the presence of the defendant usually is not required,[2] unless

---

1. *United States v. Moree,* 897 F.2d 1329 (5th Cir.1990).

2. *E.g., United States v. Jackson,* 923 F.2d 1494, 1496–1497 (11th Cir.1991); *United States v. Shubbie,* 778 F.2d 199, 200 (5th Cir.1985); *Youst*

the modification makes the sentence more onerous.[3] In the latter instance, however, we have consistently held that a defendant's rights to be present and to allocute at sentencing, which are of constitutional dimension,[4] extend to resentencing proceedings.[5] We hearken to the words of Justice Harlan, concurring in *United States v. Behrens:* [6]

> [T]he requirements of criminal justice ... leave no doubt of [the defendant's] right to be present when a final determination of sentence is made. The elementary right of a defendant to be present at the imposition of sentence and to speak in his own behalf ... is not satisfied by allowing him to be present and speak at a prior stage of the proceedings.... Even if he has spoken earlier, a defendant has no assurance that when the time comes for final sentence the district judge will remember the defendant's words in his absence and give them due weight. Moreover, only at the final sentencing can the defendant respond to a definitive decision of the judge.[7]

■ We need not decide whether a clear legislative repeal of the right to allocution on resentencing would withstand constitutional attack. In construing the Federal Rules of Criminal Procedure, as in interpreting any legislation, we seek to avoid creating serious constitutional issues.[8] We therefore hold that a Rule 35(a) proceeding to "correct" a sentence on remand is not a "reduction in sentence" under Rule 43(c)(4) when the court of appeals has vacated the defendant's original sentence. The defendant's rights to be present and to allocute under Rules 32(a)(1) and 43(a) thus obtain.

■ Our mandate on Moree's first appeal was unambiguous: "It is now here ordered and adjudged by this Court that the conviction of the District Court in this cause is affirmed, the *sentence* [sic] *imposed is vacated* and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court." [9] The mandate did not vacate only the two-level enhancement that we held to be illegal, as the district court apparently believed, nor did it instruct the district court simply to reduce Moree's existing sentence to the legal maximum. Rather, the mandate rendered Moree's previous sentence null and void. While we might have fashioned the mandate differently, we did not; the vacatur is the law of the case, and the district court "has no power or authority to deviate" from it.[10] Moree was entitled to be present and to allocute at his resentencing. He was denied those rights. The sentences imposed by the district court are therefore VACATED and the cause REMANDED for resentencing.

*v. United States,* 151 F.2d 666, 668 (5th Cir. 1945).

3. *Caille v. United States,* 487 F.2d 614, 616 (5th Cir.1973).

4. *United States v. Huff,* 512 F.2d 66, 71 (5th Cir.1975).

5. *E.g., Paul v. United States,* 734 F.2d 1064, 1066–67 (5th Cir.1984); *Johnson v. United States,* 619 F.2d 366, 369 (5th Cir.1980) (dictum).

6. 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963).

7. *Id.* 84 S.Ct. at 298 (Harlan, J., concurring in the result).

8. *E.g., DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council,* 485 U.S. 568, 108 S.Ct. 1392, 99 L.Ed.2d 645 (1988).

9. *United States v. Moree,* 897 F.2d 1329 (5th Cir.1990) (judgment) (emphasis added).

10. *Briggs v. Pennsylvania R.R. Co.,* 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948).