USCA1 Opinion

 

 June 8, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1058 UNITED STATES, Appellee, v. JOSEPH M. SABATINO, JR., Defendants, Appellants. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. Jose Antonio Fuste, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ Selya, Circuit Judge. _____________ ____________________ Joseph M. Sabatino, Jr. on brief pro se. _______________________ ____________________ ____________________ Per Curiam. This court's August 15, 1991 mandate __________ affirmed appellant's conviction, affirmed certain enhancements to his sentence, vacated two other enhancements, directed that appellant "be sentenced at the higher end of BOL 23," and "remanded to the district court for further proceedings consistent with this opinion." Thereafter, without holding any further hearing or calling appellant back to court, the district court reduced defendant's sentence from 108 months (the heaviest sentence at BOL 29, criminal history category I) to 57 months (the heaviest sentence at BOL 23, criminal history category I). Defendant has appealed (not from the amended judgment reducing his sentence to 57 months but from a subsequently entered order denying defendant's request to be present at resentencing) contending that he was entitled to be present at resentencing. We disagree. Contrary to defendant's argument, this court's mandate directed the district court to impose a specific sentence, the sentence at the "higher end" of BOL 23. Defendant reads "higher end" to mean "higher half" or any point above the midline of BOL 23, but this reading makes no sense. As defendant had originally been sentenced at the highest point in BOL 29, criminal history category I, once this court determined that certain enhancements did not apply (for vulnerable victim, U.S.S.G. 3A1.1, and use of -2- coercion, U.S.S.G. 2G1.1) and that the correct BOL was 23, there would have been no reason for this court to direct the district court to choose some point in the upper half of BOL 23. Rather, plainly read, the mandate directed the very sentence the district court imposed. Defendant contends that once this court vacated the vulnerable victim and coercion adjustments, he felt he could accept responsibility and that a resentencing hearing should have been held so that he could so argue. The government, coming from the other direction, suggests that it should be permitted to move for an upward departure. We leave for another day the question whether such issues could have been raised on remand had our mandate been written differently, for example, had it simply vacated the entire sentence and remanded for resentencing. See, e.g., United States v. ___ ____ _____________ Moree, 928 F.2d 654 (5th Cir. 1991). But it did not. Under _____ its terms as written, the district court had no discretion to impose any sentence other than 57 months. If either party wished to expand the scope of the remand, the proper course would have been to seek relief from this court. The question remains whether, consistent with Fed. R. Cr. P. 43(c)(4), the district court properly could correct defendant's sentence in his absence. Rule 43(c)(4) states that a defendant's presence is not required "[a]t a reduction _________ of sentence under Rule 35." (Emphasis added). Defendant's -3- sentence was corrected pursuant to Rule 35(a), which is entitled "Correction of a Sentence on Remand." (Emphasis __________ added). Rule 35(b), in contrast, is labelled "Reduction of _________ Sentence for Changed Circumstances" (emphasis added), but is not applicable as it applies to government requests to reduce the sentence of a defendant who has substantially assisted the government. These labels -- "correction" in Rule 35(a) and "reduction" in Rule 35(b) -- do not necessarily control whether a defendant's presence is required. In the present case, the "correction" pursuant to Rule 35(a) was manifestly a "reduction." Because the terms of our mandate directed a specific sentence, no purpose would have been served by the defendant's presence at correction of sentence. There was nothing he or his counsel could have said that could properly have influenced the sentencing court to impose a different sentence since our mandate left no room for sentencing discretion. In these circumstances, the sentence "correction" was a "reduction" within the scope of Fed. R. Cr. P. 43(c)(4), and defendant's presence was not required under the term of the rule. Nor, in the circumstances of the present case, did defendant have any constitutional right to be present when his sentence was reduced. United States v. ______________ Jackson, 923 F.2d 1494, 1496-97 (11th Cir. 1991) ("In _______ constitutional terms, a remedial sentence reduction is not a -4- critical stage of the proceedings; so, the defendant's presence is not required."). Affirmed. ________ -5-