# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 95-20193
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MIGUEL ANGEL AGUILAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CR-H-94-285-1)
_____

November 24, 1995

Before DAVIS, BARKSDALE, DeMOSS Circuit Judges.

PER CURIAM:[1]

Aguilar pleaded guilty to conspiracy and possession with intent to distribute cocaine. His sentence includes 135 months' imprisonment and a fine of $10,000 to be taken only from 50% of his prison earnings.

Aguilar appeals the fine portion of his sentence on the ground that the fine is indeterminate and contingent upon his prison earnings. He also asserts that the district court erred by modifying his sentence when he was not present. We find both

_____

[1]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

arguments to be without merit and AFFIRM.

At the sentencing hearing, the district court found that although Aguilar did not have the present ability to pay a fine, he could pay a fine if he worked in prison. Accordingly, the district court ordered Aguilar to pay 50 percent of his prison earnings as a fine.

Aguilar correctly notes that the district court did not state a determined fine amount at the sentencing hearing. However, in its written judgment, the district court corrected its error pursuant to Federal Rule of Criminal Procedure 35(c) and imposed a fine of "50% of monthly prison earnings while incarcerated, not to exceed $5,000 per Count ($10,000 total)."

As a result of the district court's correction, the fine is sufficiently determinate. It is limited to $10,000 which can be taken only from 50% of Aguilar's prison earnings. If 50% of his prison earnings over the course of 135 months is less than $10,000, that is all he must pay. Any remaining indeterminacy works only in Aguilar's favor because it excuses him from having to pay the balance of the $10,000 upon his release.

Next Aguilar argues that because there is a discrepancy between the written judgment and the oral pronouncement of sentence, the oral sentence must prevail. This, he argues, makes the sentence indeterminate and contingent and requires us to vacate the sentence and remand it to the district court. This argument is without merit and ignores the fact that the rule that oral pronouncements of a sentence prevail over written judgments only applies to situations where the two actually conflict. Chapman v.

2

<u>United States</u>, 289 F.2d 539, 544 (5th Cir. 1961); <u>United States v. Daddino</u>, 5 F.3d 262, 266 (7th Cir. 1993).  Where, as in the instant case, the written judgment clarifies the oral pronouncement rather than conflicting with it, the written judgment will be upheld.

Finally, Aguilar argues that even if this court finds that the district court corrected its error in the subsequent written judgment, the case should still be remanded for resentencing so that he will be afforded his right to be present during sentencing. <u>See</u> <u>United States v. Behrens</u>, 375 U.S. 162, 165 (1963).  However, we find that Aguilar's presence at the time of the district court's correction was not required because the modification of the sentence did not make the sentence more onerous. <u>See</u> <u>United States v. Moree</u>, 928 F.2d 654, 655-56 (5th Cir. 1991).  The district court's written judgment placed a limit on how much Aguilar would have to pay. A fine of $10,000 taken only from 50% of Aguilar's prison earnings is not more onerous than the fine of 50% of all prison earnings which was imposed while Aguilar was present.  For these reasons, the judgment of the district court is AFFIRMED.