IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60006
Summary Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CLIFTON ANDERSON, JR.,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:96-CR-85-1-S
--------------------
December 23, 2002
Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    This is the second appeal filed by Clifton Anderson, Jr.,
after his guilty plea to extortion under color of official right
in violation of 18 U.S.C. § 1951, and conducting and attempting
to conduct a financial transaction affecting interstate commerce
involving property represented by law enforcement officers to be
proceeds of unlawful activity in violation of 18 U.S.C. § 1956.
Pursuant to his first appeal, this court found that the district
court committed plain error in refusing to group the offenses for

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentencing purposes.  Accordingly, this court entered an order vacating Anderson's 97-month sentence and remanding for resentencing.  Subsequently, the district court entered an order amending the sentence it had previously imposed and ordering that Anderson serve a period of 87 months of imprisonment.

Anderson argues that he was entitled to be present at his resentencing so that he could be personally addressed by the district court and allowed the opportunity to allocute.  He argues that because this court vacated his original sentence, the district court was imposing a new sentence rather than merely modifying it's original sentence, thus, he had the right to be present at the resentencing.  The Government agrees with Anderson's argument and concedes that the district court erred.

"A defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking."  United States v. Patterson, 42 F.3d 246, 248 (5th Cir. 1994).  "If the district court is imposing a new sentence after the original sentence has been set aside, the defendant is entitled to be there."  Id.  In United States v. Moree, 928 F.2d 654 (5th Cir. 1991), the defendant's original sentence was vacated by this court as a misapplication of the Sentencing Guidelines, and the case was remanded to the district court.  The district court sentenced Moree in absentia to a sentence which conformed with the findings made by this court on appeal.  Id. at 655.  Noting that the mandate specifically

vacating the sentence had rendered Moree's previous sentence null and void, this court held that Moree was entitled to be present and to allocate at his resentencing.  <u>Id</u>. at 656.

As in <u>Moree</u>, this court's opinion specifically vacated Anderson's sentence and remanded to the district court for resentencing.  Because Anderson was entitled to be present and to allocute at the resentencing, we VACATE the sentence imposed by the district court and REMAND the cause for resentencing.

VACATE AND REMAND.