**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patricia COONEY, Defendant–
Appellant.**

No. 02–6375.

United States Court of Appeals,
Sixth Circuit.

Feb. 13, 2004.

Thomas L. Parker, Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Arthur E. Quinn, Bogatin Law Firm, Memphis, TN, for Defendant–Appellant.

Before NORRIS, BATCHELDER, and COLE, Circuit Judges.

## OPINION

PER CURIAM.

This case is before us for a second time. In an earlier opinion. *United States v. Cooney,* 26 Fed.Appx. 513 (6th Cir.2002), we affirmed the convictions of defendants Patricia Cooney and Samuel Boswell[1] for crimes related to cocaine trafficking and money laundering. However, we vacated the sentence of life imprisonment imposed

upon defendant Cooney and remanded for resentencing in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). On remand, the district court imposed five consecutive twenty-year sentences. For the reasons that follow, we affirm that judgment.

Because the details of the underlying criminal activity that gave rise to defendant's prosecution are not relevant to the purely legal issue raised in this appeal, we will not repeat them here. Suffice it to say that the district court initially sentenced defendant to the following terms of incarceration on her five counts of conviction: 1) life imprisonment for conspiracy to possess cocaine. 21 U.S.C. § 846; 2) life imprisonment for possession of cocaine with intent to distribute. 21 U.S.C. § 841(a)(1); 3) 480 months' for possession of cocaine with intent to distribute. 21 U.S.C. § 841(a)(1); 4) 240 months' for conspiracy to engage in money laundering. 18 U.S.C. § 1956(h): and, 5) 240 months' for money laundering, 18 U.S.C. § 1956(a)(1)(A)(i). The presentence report had calculated the adjusted base offense level at 44. which exceeds the maximum offense level of the Guideline's Sentencing Table and results in a life sentence.[2] This calculation was based in part on a finding by the district court that defendant was responsible for trafficking in more than 150 kilograms of cocaine.

After sentencing but prior to her appeal, the Supreme Court decided *Apprendi,* which held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. During the previous appeal to this court, the government con-

---

1. Defendant Boswell is not a party to this appeal.

2. The 1998 version of the Sentencing Guidelines Manual was used in this case.

ceded that "the district court's sentences based on its determination of the amount of cocaine were in error under *Apprendi.*" *Cooney,* at 528. We provided the district court with the following guidance before remanding the matter for resentencing:

> [W]e cannot say that if the district court had sentenced [defendant] properly the result would be the same as life imprisonment. While a sentence of many years may have an identical effect as a sentence of life imprisonment, the two sentences are different. Therefore, we vacate Defendant Cooney's sentence and remand her case for resentencing.

> For the district court to resentence Cooney to life imprisonment under § 841(a)(1) it must impanel a jury and have the jury find the amount of drugs involved beyond a reasonable doubt. Otherwise, the district court may sentence her up to 100 years by giving her a combination of five consecutive and concurrent twenty year sentences.

*Id.,* at 528. We also found that there was "more than sufficient evidence in the trial record to find the defendants responsible for more than 150 kilograms of cocaine" and that therefore, "the district court properly arrived at [a] valid sentencing range[ ] when determining" Cooney's sentence. *Id.* at 528.

On remand, a second addendum to the presentence report noted that the guideline range remained life but that each of the five counts of conviction carried a twenty-year maximum sentence. Under these circumstances, U.S.S.G. § 5G1.2(d) requires that the sentences "shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." The district court adopted this approach and resentenced defendant to five consecutive twenty-year terms.

Defendant concedes that the sentence imposed by the district court comports with the Guidelines, but nevertheless contends that it is "overkill" to sentence a person in her late forties to 100 years in prison. That argument is without legal merit. Whether, in this case, a life sentence is 30, 50, or 100 years is immaterial. Pursuant to the Guidelines, the district judge was obligated to impose a sentence that produced an aggregate sentence equal to the total punishment – life. Since a life sentence is not defined in the Sentencing Guidelines, and since a 100–year sentence can rationally be called a life sentence, the district court's decision was appropriate. It is purely academic to argue, as Cooney does, that the 100–year sentence is inappropriate simply because another, lower sentence might also very plausibly constitute a life sentence.

The judgment is affirmed.