NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0583n.06
Filed: August 13, 2007

No. 06-5797

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| PATRICIA COONEY, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: BOGGS, Chief Judge; ROGERS, Circuit Judge; CALDWELL, District Judge[*]**

**ROGERS, Circuit Judge.** This case, which reaches this court for the third time, *see United States v. Cooney*, 26 F. App'x 513 (6th Cir. 2002), *United States v. Cooney*, 87 F. App'x 850 (6th Cir. 2004), concerns Patricia Cooney's 432-month sentence for a variety of drug-related offenses. Cooney argues that the district court erred in imposing her sentence because the court improperly calculated the applicable Sentencing Guidelines and did not engage in a *de novo* review of the record before imposing the sentence. Because the district court, as this court previously held and as Cooney previously conceded, did not err in calculating the relevant Sentencing Guidelines range and because the district court did not err in relying on previous findings that there was sufficient evidence of the drug quantity, we affirm.

---

[*]The Honorable Karen K. Caldwell, District Judge for the Eastern District of Kentucky, sitting by designation.

On September 3, 1998, a federal grand jury indicted Cooney on a variety of drug-related offenses, including one count of intentionally distributing over five kilograms of cocaine, in violation of 21 U.S.C. § 846; one count of aiding and abetting in the distribution of approximately twenty-five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of aiding and abetting in the distribution of 3.773 kilograms of cocaine, also in violation of 21 U.S.C. § 841(a)(1). A jury convicted Cooney of all three counts along with one count of conspiracy to engage in money laundering and one count of money laundering. The jury, however, did not return specific determinations about the amount of drugs at issue in the two counts that alleged violations of 21 U.S.C. § 841(a)(1).

On March 17, 2002, the district court imposed a life sentence for Cooney's violation of 21 U.S.C. § 841(a)(1). *Cooney*, 26 F. App'x at 527-28. The overall life sentence was within the Guideline range, *id.*, but the statutory maximum for no count exceeded 20 years unless more than 5 kilograms of cocaine was possessed. Cooney appealed her sentence to this court, which held that the sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This court found that the jury did not make any determinations, beyond a reasonable doubt, as to the amount of drugs that Cooney distributed and that the imposition of a life sentence for violating 21 U.S.C. § 841(a)(1) was therefore improper.[1] *Cooney*, 26 F. App'x at 528. Thus, even though there "was more than

---

[1]The relevant statutory provisions authorized a trial judge to impose a sentence of up to life imprisonment if a jury convicted Cooney of distributing more than five kilograms of cocaine, 21 U.S.C. § 841(b)(1)(A), but authorized a judge to impose a sentence of up to twenty years of imprisonment for lesser quantities, 21 U.S.C. § 841(b)(1)(C). The district court judge found that Cooney was responsible for distributing 150 kilograms of cocaine and imposed a life sentence.

sufficient evidence in the trial record to find [Cooney] responsible for more than 150 kilograms of cocaine," Cooney nevertheless suffered an *Apprendi* violation because the jury did not make that specific finding. *Cooney*, 26 F. App'x at 529.

On remand, the district court imposed five consecutive sentences of 240 month each. Cooney again appealed to this court, which affirmed the sentence under pre-*Booker* law. *Cooney*, 87 F. App'x at 580. On appeal, this court stated that "Defendant concedes that the sentence imposed by the district court comports with the Guidelines, but nevertheless contends that it is 'overkill' to sentence a person in her late forties to 100 years in prison." *Id.* at 581. This court rejected the argument as being without merit. *Id.* Cooney then sought review in the United States Supreme Court, which remanded the case for consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Cooney v. United States*, 543 U.S. 1099 (2005).

On June 1, 2006, the district court again sentenced Cooney. The district court imposed a 216-month sentence for each count. However, the district court ordered that the sentences for the first two drug counts run consecutively and the sentences for the remaining counts run concurrently. This calculation resulted in a 432-month sentence of imprisonment. (The sentences for the violations of 21 U.S.C. § 841(b)(1)(C) did not violate *Apprendi* because the sentences were low enough that they were authorized by statute even without a specific jury finding of a particular amount of drugs.) When imposing sentence, the district court noted that it did not disturb the earlier Guidelines calculations because, according to the district court, this court previously held that the district court properly calculated the Guidelines range. From this lower sentence, Cooney appeals.

Cooney argues that the district court made a procedural error when it relied on the previous Guidelines calculations. Specifically, Cooney argues that the district court erred when it determined, for purposes of calculating the relevant Guidelines range, that the appropriate drug quantity was 150 kilograms of cocaine because the court already found that the drug quantities were improper under *Apprendi*.

Cooney's argument suffers from two serious flaws. First, Cooney already conceded to this court that the district court properly calculated the relevant Sentencing Guidelines, which included a determination as to the amount of drugs. As this court noted in the second appeal, "Defendant concedes that the sentence imposed by the district court comports with the Guidelines." *Cooney*, 87 F. App'x at 581. Cooney cannot come back, after a limited *Booker* remand from the Supreme Court, to suggest that the Guidelines calculations, which Cooney previously conceded were correct, are actually incorrect.[2]

Second, the holding of the first *Cooney* decision did not do what Cooney suggests that it did. As discussed above, in its first decision, this court found that the district court erred when it imposed a life sentence for Cooney's violating 21 U.S.C. § 841. The relevant statutory provisions allowed a district court to impose a life sentence only if a defendant distributed over 5 kilograms of cocaine, and, in this case, no jury concluded beyond a reasonable doubt that Cooney distributed over 5

---

[2]Contrary to Cooney's apparent argument on appeal, nothing in the subsequent appeal and remand required the district court to ignore Cooney's concession that the Guidelines calculations were correct.

kilograms of cocaine. For this limited reason, the court held that Cooney suffered an *Apprendi* violation. This court, however, did not hold that the district court's Sentencing Guidelines calculations were in error, or that a trial judge may not make factual findings in calculating them. The *Apprendi* violation that we found extended only to the imposition of a sentence higher than the statutory maximum on the basis of judicially-determined facts, and did not condemn judicial determination of facts in all contexts. Simply put, Cooney's argument that the district court repeated the *Apprendi* violation that this court previously identified is without merit.

Finally, we can dispose briefly of Cooney's argument (which she raised for the first time at oral argument) that the district court violated *United States v. Muhammad*, 478 F.3d 247 (4th Cir. 2007), when it deferred to the earlier district court and court of appeals determinations that there was sufficient evidence of the drug quantities. Cooney's argument is without merit because *Muhammad* does not apply in the situation in this case. In *Muhammad*, the district court denied the defendant the opportunity to allocute at the re-sentencing hearing. *Id.* at 248. The Court of Appeals for the Fourth Circuit held that the district court committed plain error because a second allucution could have revealed that important sentencing factors changed from the first sentencing. For example, the defendant might have acknowledged his wrongdoing and expressed deep regret for his conduct at his re-sentencing, and such post-sentencing developments might have had an impact on the defendant's sentence. *Id.* at 251. Here, in contrast, the district court did not err in relying on previous Guidelines calculations that both a district court and this court found to be appropriate in

light of the evidence of drug quantities.[3]  Cooney conceded that the Guideline calculations were correct and it was not necessary for the district court to reconsider the issue at re-sentencing .

This case comes down to this.  The *Apprendi* violation was cured by the first remand.  The advisory Guideline sentence was correctly calculated on the first remand and did not have to be recalculated on the second remand.  As long as the Guidelines were treated as advisory on the second remand and the sentence was not otherwise unreasonable, affirmance is required.

For these reasons, we affirm Cooney's sentence.

---

[3]Cooney suggested at oral arguments that *Muhammad* requires a district court to conduct a *de novo* review of the record at re-sentencing.  Neither the *Muhammad* court nor the courts of appeals decisions which the Fourth Circuit cited in *Muhammad* held, however, that a district court must conduct a *de novo* Guidelines calculation before imposing a sentence in cases where a defendant previously conceded the appropriateness of the relevant Guidelines calculations.  *See Muhammad*, 478 F.3d  at 250 (citing *United States v. Barnes*, 948 F.2d 325, 330 (7th Cir. 1991); *United States v. Moree*, 928 F.2d 654, 656 (5th Cir. 1991)).  In this case, the district court did not commit plain error in relying on the previous Guidelines calculations.