IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-10417
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DERRICK DAMON RAINWATER

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CR-42-1

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Derrick Damon Rainwater, federal prisoner # 25805-077, is currently serving a 1,117-month sentence following his 1994 conviction of 11 counts of interfering with commerce by robbery and using a firearm during a crime of violence. Rainwater filed a FED. R. CRIM. P. 36 motion to correct the judgment, wherein he sought to have the Amended Judgment revised to reflect a sentence of 240 months of imprisonment on counts 5, 7, 9, and 11, to run concurrently with one another and to run consecutively to all other counts. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied the motion on the ground that the Amended Judgment reflected the district court's oral pronouncement at sentencing. Rainwater appeals, arguing that the Amended Judgment is invalid and that the judgment should be vacated and the case remanded for resentencing.

Rainwater's contention that he is required to serve only a total of 240 months of imprisonment on counts 5, 7, 9, and 11 is erroneous. The version of 18 U.S.C. § 924(c)(1) in effect at the of Rainwater's conviction mandated consecutive 240-month sentences on each of those counts. At sentencing, the district court ordered Rainwater to serve 240 months of imprisonment on counts 5, 7, 9, and 11 and ordered that the sentences be served consecutively to one another, for a total of 960 months, and consecutively to all other sentences imposed. The Amended Judgment, however, states that Rainwater is to serve 960 months of imprisonment on counts 5, 7, 9, and 11 and that the sentences are to run concurrently with one another, for a total of 960 months, and consecutively to all other sentences imposed.

The Amended Judgment conflicts with the oral pronouncement of the sentence. While the practical effect of the Amended Judgment is that Rainwater be required to serve the same sentence as was orally pronounced, the Amended Judgment cannot be allowed to stand as written because the terms of imprisonment on counts 5, 7, 9, and 11 exceed the statutorily mandated sentences on those counts. Accordingly, the district court's order denying Rainwater's Rule 36 motion is VACATED and the case is REMANDED for the limited purpose of correcting the Amended Judgment to conform with the orally pronounced sentence. See United States v. Martinez, 250 F.3d 941, 942 (5th Cir. 2001).