**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 27, 2009

Charles R. Fulbruge III
Clerk

No. 08-10353
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DERRICK DAMON RAINWATER

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CR-42-1

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Derrick Damon Rainwater, federal prisoner # 25805-077, is serving a sentence of 1,117 months of imprisonment. Rainwater moved in March 2007 to correct his sentence under Rule 36 of the Federal Rules of Criminal Procedure. The district court denied the motion. On appeal, this court ordered a remand for the limited purpose of correcting the Amended Judgment, issued in December 1994, to conform with the orally pronounced sentence. *See United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Rainwater*, 267 F. App'x 343, 344 (5th Cir. 2008). The district court complied with this court's order and issued a Corrected Amended Judgment. Rainwater again appeals.

Attacking a previous judgment issued by the district court, Rainwater contends that the December 1994 Amended Judgment should be vacated because the district court lacked authority to issue it under Rule 36. As the Amended Judgment is no longer in force, Rainwater's challenge is moot. *See Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990). Moreover, Rainwater's request to vacate the Amended Judgment is, in essence, an attempt to collaterally attack that judgment. A motion under 28 U.S.C. § 2255 is the primary mechanism for collaterally attacking a federal sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Rainwater cannot collaterally attack the Amended Judgment in the instant appeal. *See id.*

Rainwater argues that his rights were violated because he was not present when the Corrected Amended Judgment was issued. A defendant need not be present for a mere modification of sentence "unless the modification makes the sentence more onerous." *United States v. Moree*, 928 F.2d 654, 655-56 (5th Cir. 1991). The Corrected Amended Judgment did not deviate from the oral pronouncement of sentence; therefore it did not make the sentence more onerous. Rainwater has not shown error. *See id.*

Next, Rainwater contends that the Corrected Amended Judgment violates the law of the case doctrine and the mandate rule because it imposes consecutive 240-month sentences on counts 5, 7, 9, and 11, whereas the Amended Judgment had imposed concurrent 960-month sentences. In connection with this issue, Rainwater has filed a letter under Rule 28(j) of the Federal Rules of Appellate Procedure, calling this court's attention to *Greenlaw v. United States*, 128 S. Ct. 2859 (2008). Rainwater has not shown that the law of the case doctrine or the mandate rule were violated. *See United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004); *Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272 (5th Cir. 1999).

Rainwater argues that the Corrected Amended Judgment issued under Rule 36 violates his rights under the Double Jeopardy Clause. Rainwater's constitutional challenge amounts to a collateral attack on his original sentence that must be brought under § 2255. *See Pack*, 218 F.3d at 451. Having previously challenged his sentence under 28 U.S.C. § 2255, Rainwater must apply to this court for authorization to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2244(a); § 2255(h); *Steve D. Thompson Trucking, Inc. v. Dorsey Trailers, Inc.*, 870 F.2d 1044, 1045-46 (5th Cir. 1989). To the extent that Rainwater seeks such authorization in the instant appeal, his request is denied because Rainwater has not made the required prima facie showing that his claim relies on either (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense, or (2) a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court and was previously unavailable. 28 U.S.C. § 2244(b)(3)(C), § 2255(h); *see United States v. Tatum*, 233 F.3d 857, 858 (5th Cir. 2000).

Finally, Rainwater contends that the district court, in issuing the Corrected Amended Judgment pursuant to this court's limited remand for the express purpose of correcting the Amended Judgment, erred by failing to consider the double jeopardy issue raised in his Rule 36 motion. He argues that the failure to address the double jeopardy issue results in a manifest miscarriage of justice. Rainwater has not shown that an exception to the mandate rule existed such that the district court erred by not considering his double jeopardy claim. *See United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002); *United States v. Benbrook*, 119 F.3d 338, 340 (5th Cir. 1997).

AFFIRMED; AUTHORIZATION TO FILE A SECOND OR SUCCESSIVE 28 U.S.C. § 2255 MOTION DENIED.