# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2010

Lyle W. Cayce
Clerk

No. 08-51099
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ISAAC LEIGH HUNTER,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-172-ALL

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Isaac Leigh Hunter, federal prisoner # 35789-180, seeks leave to appeal in forma pauperis (IFP) from the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on amendments to U.S.S.G. § 2D1.1, the Sentencing Guideline pertaining to crack cocaine offenses. He is serving an 87-month term of imprisonment for possessing with the intent to distribute more than 5 grams of crack cocaine. By moving to proceed IFP, he is challenging the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court's certification that his appeal would be frivolous and not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence in cases like Hunter's which involve the amendments to the Guidelines crack cocaine provisions. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009). This court reviews a district court's denial of a reduction of sentence under § 3582(c)(2) for an abuse of discretion, its interpretation of the Guidelines de novo, and its findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Hunter contends that the district court erred by failing to appoint counsel to represent him during his § 3582(c)(2) proceeding. However, he did not request the appointment of counsel in the district court and has not shown that the district court committed plain error by failing to sua sponte appoint counsel in his case. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995); *United States v. Whitfield*, 590 F.3d 325, 347 n.15 (5th Cir. 2009), *cert. denied*, 131 S. Ct. 127 (2010).

Hunter also contends that the district court erred by denying his § 3582(c)(2) motion without first holding a hearing and allowing him an opportunity for allocution. However, he cannot show that he had a right to be present or to be heard before the district court entered its order. *See* FED. R. CRIM. P. 43(b)(4); *United States v. Moree*, 928 F.2d 654, 655 (5th Cir. 1991).

Finally, Hunter contends that the district court abused its discretion by denying his § 3582(c)(2) motion. The district court gave due consideration to Hunter's motion as a whole and explicitly addressed his criminal behavior and public safety concerns. It implicitly considered the remaining § 3553(a) factors and Hunter's post-sentencing behavior in determining it would not grant relief. Hunter has not shown an abuse of discretion. *See Whitebird*, 55 F.3d at 1010.

No. 08-51099

Hunter has not shown that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, his motion for leave to proceed IFP is DENIED.  His motion for the appointment of counsel on appeal also is DENIED.  *See Whitebird*, 55 F.3d at 1011.  Because Hunter's appeal is frivolous, it is DISMISSED.  *See* 5th Cir. R. 42.2.