IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10842
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK ANTHONY CLARK, also known as
Kevin Frank Carter,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:95-CR-19-C
- - - - - - - - - -
March 10, 1998

Before DUHE', DeMOSS and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mark Anthony Clark was convicted by a jury of conspiracy, possession with intent to distribute narcotics, using and carrying a firearm in relation to drug trafficking, and being a felon in possession of a firearm. Clark contends that: 1) the district court erred by denying in part his motion to suppress; 2) the evidence is not sufficient to sustain his conspiracy conviction; 3) the district court erred by failing to sequester

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government witnesses; 4) his conviction for using and carrying a firearm under 18 U.S.C. § 924(c)(1) must be reversed in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995); and 5) the Government and the district court failed to comply with the requirements of 21 U.S.C. §§ 851(a) and (b). Our review of the record and the arguments and authorities convince us that, with one exception, no reversible error was committed.

Because the warrantless stop and search of Clark's truck was supported by probable cause, the district court did not err by denying in part Clark's motion to suppress on this basis. See United States v. Reed, 26 F.3d 523, 528 (5th Cir. 1994). Because the record is not devoid of evidence pointing to Clark's guilt on the conspiracy count, Clark's sufficiency challenge fails. See United States v. McCarty, 36 F.3d 1349, 1358 (5th Cir. 1994). As Clark did not request that the district court sequester any witness pursuant to Fed. R. Evid. 615, he fails to establish that the district court's failure to do so amounts to plain error. See United States v. Calverley, 37 F.3d 160, 162-63 (5th Cir. 1994) (en banc). Clark's suggestion that the Government failed to comply with § 851(a) is refuted by the record. His contention that the district court failed to follow the procedures mandated by § 851(b), if true, amounts only to harmless error. See United States v. Fragoso, 978 F.2d 896, 902-03 (5th Cir. 1992).

Clark's assertion that his conviction under § 924(c)(1) must be reversed is supported by this court's decision in <u>United States v. Wilson</u>, 116 F.3d 1066, 1090-91 (5th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 703 (1998). Although the evidence may support Clark's conviction under the "carry" prong of § 924(c)(1), because the jury may have rendered a guilty verdict because of the liberal pre-<u>Bailey</u> instructions on what constituted "use" of a firearm in relation to drug trafficking, Clark's conviction on this count is REVERSED. The case is REMANDED to the district court for a new trial on the "carry" prong of the statute. <u>See id.</u> In all other aspects, Clark's conviction is AFFIRMED.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.