# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10225
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORENZO VALDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-65

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lorenzo Valdez, federal prisoner #42864-177, appeals the district court's denial of his Federal Rule of Criminal Procedure 36 motion to correct the presentence report (PSR) that was used by the district court in determining his sentence. Valdez is serving a 360-month sentence for conspiring to possess with intent to distribute cocaine. In cases where there are no factual disputes, we review a district court's denial of a Rule 36 motion *de novo*. *United States*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10225

*v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014). In some unpublished cases, we have reviewed the denial of a Rule 36 motion only for an abuse of discretion. *See United States v. Webster*, 466 F. App'x 319, 320 (5th Cir. 2012); *United States v. Harrill*, 91 F. App'x 356, 357 (5th Cir. 2004). We need not decide which standard applies here, though, because Valdez is not entitled to relief under either standard. *See United States v. Crawley*, 463 F. App'x 418, 420 n.1 (5th Cir. 2012).

Valdez argues that, in light of this court's decision in *United States v. Chapa-Garza*, 243 F.3d 921 (5th Cir. 2001), the district court erred in finding that it did not need to correct the PSR to eliminate the assignment of criminal history points to Valdez's prior Texas convictions for driving while intoxicated. We held in *Chapa-Garza* that a prior Texas conviction for driving while intoxicated is not a crime of violence that would support the application of a 16-level enhancement under U.S.S.G. § 2L1.2. *Id.* at 927–28. Valdez's offense level was not enhanced under Section 2L1.2, and *Chapa-Garza* is inapposite here. Even if *Chapa-Garza* was applicable here, the relief that Valdez seeks is not just the correction of the record but resentencing based on a completely recalculated guidelines range. This is not the type of error that is correctable under Rule 36. *See* FED. R. CRIM. P. 36; *United States v. Steen*, 55 F.3d 1022, 1025–26 n.3 (5th Cir. 1995).

For the first time in this court, Valdez argues that he was illegally convicted of and sentenced for a methamphetamine-related offense rather than a cocaine-related offense because the court referenced the importation of methamphetamine at sentencing. We review this new argument only for plain error. *See United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). A review of the record indicates that the district court merely misspoke and referenced "methamphetamine" rather than "cocaine" in discussing Valdez's objection to

2

the application of a two-level enhancement for having imported cocaine from Mexico. Methamphetamine played no role in the calculation of Valdez's guidelines sentencing range, and the judgment of conviction properly reflects that Valdez was convicted of a cocaine-related offense. Accordingly, to the extent that the district court's mistake or oversight is correctable under Rule 36, Valdez was not harmed by the district court's erroneous reference to methamphetamine at sentencing, and he thus cannot show that the district court plainly erred in denying his motion. *See United States v. Puckett*, 556 U.S. 129, 135 (2009).

AFFIRMED.