# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 14-10735

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK ANTHONY CLARK,
also known as Kevin Frank Carter,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas

_____

Before JONES and SMITH, Circuit Judges, and FITZWATER[*], District Judge.

FITZWATER, District Judge:

Defendant-appellant Mark Anthony Clark ("Clark")—who is serving two mandatory life sentences for drug offenses—appeals the district court's 2014 amended judgment reflecting the dismissal in 1998 of one of five counts of which Clark was convicted and sentenced, without conducting a resentencing hearing and enabling Clark to rely on the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), to challenge the mandatory life sentences. We affirm.

---

[*] District Judge of the Northern District of Texas, sitting by designation.

No. 14-10735

I

Clark was convicted by a jury in 1995 of the offenses of conspiracy to possess with intent to distribute 100 grams or more of methamphetamine (count 1); possession with intent to distribute 100 grams or more of methamphetamine (count 2); possession with intent to distribute amphetamine (count 3); using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count 4); and possession of a firearm by a felon who was then a fugitive from justice (count 5).  Because Clark had three prior convictions for felony drug offenses that had become final,[1] he was sentenced to mandatory terms of life imprisonment on counts 1 and 2.  He was also sentenced to 235 months' imprisonment on count 3, 60 months' imprisonment on count 4, and 120 months' imprisonment on count 5.  The district court ordered the sentences on counts 1, 2, 3, and 5 to run concurrently with one another, and the sentence on count 4—the § 924(c)(1) conviction—to run consecutively to the sentences on all other counts.

Clark appealed, challenging, *inter alia*, his § 924(c)(1) conviction on count 4 on the basis of the Supreme Court's intervening decision in *Bailey v. United States*, 516 U.S. 137 (1995).  We affirmed Clark's convictions on counts 1, 2, 3, and 5.  *United States v. Clark,* 1998 WL 127844, at *1 (5th Cir. Mar. 10, 1998) (per curiam) (unpublished opinion) ("*Clark I*").  We reversed his conviction on count 4 and remanded for a new trial on the "carry" prong of § 924(c)(1), holding that "[a]lthough the evidence may support Clark's conviction under the 'carry' prong of § 924(c)(1), . . . the jury may have rendered

---

[1] The government filed an information charging, *inter alia,* that Clark was subject to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) with reference to counts 1 and 2 because he committed the offenses alleged in those counts after having been convicted of three prior felony drug offenses.

No. 14-10735

a guilty verdict because of the liberal pre-*Bailey* instructions on what constituted 'use' of a firearm in relation to drug trafficking." *Id.* We affirmed Clark's conviction on count 4 in all other aspects, stating, in pertinent part: "Clark's conviction on this count [count 4] is REVERSED. The case is REMANDED to the district court for a new trial on the 'carry' prong of the statute. In all other aspects, Clark's conviction is AFFIRMED." *Id.* (citation omitted).

On remand, the district court set the case for trial. The government moved under Fed. R. Crim. P. 48 to dismiss count 4 rather than retry Clark on that count, citing the length of the sentences imposed on counts 1, 2, 3, and 5. The district court granted the motion and dismissed count 4 by order on May 18, 1998. The district court did not conduct a resentencing hearing on the remaining counts that were affirmed on appeal, or file an amended judgment.

On March 15, 1999, within one year of the date the district court filed its order dismissing count 4, Clark filed a motion for habeas corpus relief under 28 U.S.C. § 2255, which the district court denied. From 1999 to 2014, Clark initiated a number of unsuccessful collateral attacks on his conviction: the § 2255 motion; a request to this court for a certificate of appealability, which a judge of this court denied; a "Petition for Writ of Coram Nobis/Vobis, Audita Querela, Mandamus, to Recall the Mandate, and for All Other Extraordinary Relief for which Petitioner is entitled," denied by the district court, case dismissed, and affirmed by this court; a Fed. R. Civ. P. 60(b) motion, which the district court construed as a successive § 2255 motion and denied, and as to which a judge of this court denied a certificate of appealability; and a motion for authorization to file a § 2255 motion based on *Alleyne v. United States* and *Rosemond v. United States*, ___ U.S. ___, 134 S. Ct. 1240 (2014), which we denied.

No. 14-10735

In May 2014, nearly 16 years after his convictions on counts 1, 2, 3, and 5 were affirmed and count 4 was dismissed, Clark filed in the district court a "Motion to Be Orally Resentenced and to Allow the New Oral Sentencing Proceedings Reflect the New Written Judg[]ment." Clark for the first time complained that he had yet to be resentenced to reflect a new oral and new written judgment and sentence. He maintained that he was entitled to be present when the district court orally resentenced him; that his presence and the presence of counsel were needed to determine any post-sentence conduct that might lower his sentence under the sentencing package once the district court orally vacated count 4 from the sentencing package; and that his presence was necessary so that he could make any objections required to be made at the new oral sentencing. Clark also requested that he be informed of his right to appeal from the new oral and new written judgment, and he requested a new presentence report ("PSR") and a new sentencing hearing with constitutional representation, so that count 4 could be orally removed from the sentencing package and the written judgment would reflect this change.

The district court granted Clark's request to enter an amended judgment reflecting the dismissal of count 4, but it concluded that no new sentencing hearing was required or needed. The district court reasoned:

> Defendant's sentence will not change in relation to the other counts that were affirmed by the Fifth Circuit. Although Defendant contends that he is entitled to be present for the pronouncement of a new oral sentence, precedent in the circuit states that he is not so entitled. Here, the Judgment is being amended to reflect the dismissal of Count 4. The modification to the judgment does not result in a change that is more onerous, and Defendant's presence is not required to correct the judgment.

4

No. 14-10735

> Finally, Defendant requests that he be informed of his appellate rights. The Court makes the finding that because the convictions on the remaining counts have already been affirmed by the United States Court of Appeal[s] for the Fifth Circuit "in all other aspects," any appeal on those grounds would be futile and not taken in good faith.

June 12, 2014 Order (citations omitted).

The district court entered an amended judgment on June 12, 2014, ordering, in pertinent part: "[t]he sentence imposed on September 1, 1995, having been remanded solely as to Count 4 by the Fifth Circuit, the Judgment is amended as follows: Count 4 dismissed on Motion by the Government on 05/15/1998 and Order by the Court on 05/18/1998." In the imprisonment portion, the amended judgment ordered:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Life imprisonment on Count 1; Life imprisonment on Count 2; 235 months on Count 3; and 120 months on Count 5. All of Counts 1, 2, 3, and 5 are to run concurrently; and 60 months on Count 4 to be served consecutively to any other term of imprisonment. (Count 4 dismissed on Motion by the Government on 05/15/1998 and Order by the Court on 05/18/1998.)

Am. Judg. 2 (emphasis omitted). This appeal followed.

## II

Clark contends that the district court denied him the right to counsel, to be present for sentencing, and to be heard through allocution when it entered the amended judgment without conducting an oral resentencing at which Clark was present and represented by counsel. He maintains that the district

5

court conducted a summary resentencing proceeding that violated Rules 43 and 32 of the Federal Rules of Criminal Procedure, his Sixth Amendment rights, and his Fifth Amendment due process rights. Clark also posits that he is entitled to challenge his life sentences on counts 1 and 2, because the law of the case doctrine is subject to an exception when there has been an intervening change of law by a controlling authority, and the Supreme Court's intervening decision in *Apprendi*—decided after this court's decision in 1998 and before the entry of the amended judgment in 2014—represents such a change.

The government responds that Clark was not entitled to a hearing at which he was present, represented by counsel, and had the opportunity to allocute, because the district court when entering the amended judgment did not resentence Clark, it merely modified the existing sentence to reflect the dismissal of count 4 and the deletion of the corresponding sentence. The government posits that the district court was not obligated to resentence Clark on counts 1, 2, 3, and 5 because *Clark I* and the parties' manifested understanding of it confirmed that this court affirmed Clark's convictions and sentences on counts 1, 2, 3, and 5, and the sentence on count 4 was independent of the other counts and not the product of a sentencing package. The government also contends that the amended judgment did not require resentencing because the district court was imposing a less onerous sentence on the counts that had been affirmed. Alternatively, the government asserts that the entry of the amended judgment was a ministerial act to memorialize the sentences previously formulated without objection. It maintains that, if this court reaches the *Apprendi* argument, Clark cannot establish any effect on his substantial rights.

Clark's appeal presents two issues: first, whether when the district court entered the amended judgment, Clark was entitled to a resentencing hearing

No. 14-10735

at which he was present, represented by counsel, and had the opportunity to be heard; and, second, whether this court's reversal and remand of Clark's conviction and sentence on count 4 entitled Clark to challenge anew at a resentencing hearing his sentences on other counts on remand.

III

We turn first to the question whether Clark was entitled to a resentencing hearing at which he was present, represented by counsel, and had the opportunity to be heard. We decide this question *de novo*. *See, e.g., United States v. Lampton*, 158 F.3d 251, 255 (5th Cir. 1998) (reviewing *de novo* defendants' contention that their absence at hearing on motion for new trial violated Sixth Amendment and Rule 43).

A

"[A] defendant's presence in court is not required every time judicial action is taken to correct a sentence." *United States v. Erwin*, 277 F.3d 727, 730 (5th Cir. 2001).

> A defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking. If the district court is imposing a new sentence after the original sentence has been set aside, the defendant is entitled to be there. However, a defendant is not entitled to be present when the district court merely modifies an existing sentence.

*United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994) (per curiam) (citations omitted).

> We have long recognized the distinction between proceedings in the district court that modify an existing sentence and those that impose a new sentence after the original sentence has been set aside. In the former instance, the presence of the defendant

7

usually is not required, unless the modification makes
the sentence more onerous.  In the latter instance,
however, we have consistently held that a defendant's
rights to be present and to allocute at sentencing,
which are of constitutional dimension, extend to
resentencing proceedings.

*United States v. Moree*, 928 F.2d 654, 655-56 (5th Cir. 1991) (footnotes
omitted).

B

We hold that when the district court entered the amended judgment, it
modified Clark's existing sentence in a manner that was not more onerous;
that is, it corrected a discrete portion of the sentence that it had already
rendered, that had been reversed on appeal, and the underlying count for
which had been dismissed on the government's motion on remand.  The district
court did not impose a new sentence after the original sentence had been set
aside.

That this is what occurred here is illustrated by *Patterson* and *Erwin*.  In
*Patterson* defendant Cecil Ray Patterson ("Patterson") was convicted of
possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g), and
carrying a firearm in connection with a crime of violence, in violation of 18
U.S.C. § 924(c)(1).  *Patterson*, 42 F.3d at 247.  The district court found that
Patterson qualified as a career offender and sentenced him to 366 months'
imprisonment on the § 922(g) conviction, and a consecutive term of 60 months'
imprisonment on the § 924(c)(1) conviction.  *Id.* at 247-48.  On appeal, we
vacated his sentence and remanded for a determination of whether his prior
convictions constituted crimes of violence.  *Id.* at 248.  On remand, the district
court conducted a resentencing, held that Patterson did not qualify as a career
offender, and resentenced Patterson as an armed career criminal.  The district

court entered an order and judgment on resentencing that reduced Patterson's sentence to 327 months' imprisonment on the § 922(g) conviction and did not change the remainder of the sentence. *Id.* Shortly after resentencing, the district court filed a corrected order and judgment on resentencing that vacated Patterson's § 924(c)(1) conviction. Except for deleting all reference to the § 924(c)(1) conviction, the corrected order and judgment was identical to the original order and judgment. *Id.*

Patterson appealed the corrected order, arguing, *inter alia*, that the district court erred by not holding another hearing before entering the corrected order and judgment, because he was entitled at the hearing to object to the PSR before the district court entered the corrected order and judgment. *Id.* We disagreed, explaining that, in the corrected order and judgment, the district court was not imposing a new sentence. *Id.* at 249. Instead, it was correcting a discrete portion of the order and judgment that it had already rendered. The order and judgment on resentencing had not been vacated or set aside. The sole change that the corrected order made was to vacate Patterson's § 924(c)(1) conviction and remove from the sentence all reference to that conviction. Accordingly, we concluded that Patterson had no right to be present or to be heard before the district court entered the corrected order. *Id.*

In *Erwin* defendant Bonnie Burnette Erwin ("Erwin") was convicted of multiple offenses related to drug activities, including conspiracy and engaging in a continuing criminal enterprise ("CCE"). *Erwin*, 277 F.3d at 729. The district court sentenced Erwin to a term of life imprisonment on the CCE conviction plus 120 years on the other substantive offenses and ordered that the sentences run consecutively. *Id.* On direct appeal, we reversed his conviction on a conspiracy count. Because we concluded that the conspiracy charge was a lesser-included offense of a CCE, and Erwin had already been

convicted of a CCE offense, we held that Erwin could not be retried for conspiracy. We affirmed his conviction in all other respects. *Id.* On remand, the government moved to dismiss the conspiracy charge, and the district court amended the judgment, dismissing the conspiracy count with prejudice. *Id.*

Thereafter, during an eleven-year period, Erwin filed numerous, unsuccessful motions seeking to set aside his convictions or obtain a new trial. *Id.* Eventually, he filed a motion requesting that the district court amend the original judgment and commitment order to reflect that his conspiracy count had been dismissed by the Fifth Circuit. *Id.* at 730. In response, the district court filed an amended judgment that deleted any reference to the conspiracy conviction and reduced Erwin's sentence to life imprisonment for the CCE conviction plus 105 years on the remaining offenses. *Id.*

Erwin appealed the amended judgment. While the appeal was pending, the Supreme Court held in *Richardson v. United States,* 526 U.S. 813 (1999), that to convict a defendant of a CCE violation, the jury must unanimously agree as to which specific violations make up the "continuing series" and "violations" underlying the CCE offense. *Id.* at 816. Thereafter, Erwin filed a motion for new trial in the district court, and, later, through appointed counsel, he filed a memorandum of law in support of a resentencing and his motion for new trial. Erwin argued that the district court deprived him of his right to due process by entering the amended judgment without providing him an appropriate resentencing hearing and notice. After the district court denied Erwin's motion for a new trial, his appeal from that order was consolidated with his earlier appeal from the amended judgment. *Id.*

We affirmed Erwin's conviction and sentence. Regarding Erwin's assertion that he was deprived of due process when the amended judgment was entered without a resentencing hearing and notice, we began by

addressing the requirements of Rule 35. *Id.* We explained that Rule 35(a) required a court to correct a sentence that was determined on appeal to have been imposed in violation of the law. We also concluded that a defendant's presence in court was not required every time judicial action was taken to correct a sentence. Although Rule 43(a) provided that the defendant must be present when the sentence was imposed, the defendant's presence was not required at a reduction of sentence under Rule 35. *Id.* at 730-31. We then referred to our decision in *United States v. Pineda,* 988 F.2d 22 (5th Cir.1993), in which we held that this exception applied to a downward correction of an illegal sentence under Rule 35(a). *Id.* at 731 (citing *Pineda,* 988 F.2d at 23). We quoted our conclusion in *Pineda* that "where the entire sentencing package has not been set aside, a correction of an illegal sentence does not constitute a resentencing requiring the presence of the defendant, so long as the modification does not make the sentence more onerous." *Id.* (quoting *Pineda,* 988 F.2d at 23).

Turning to the district court's conclusion that Erwin was not entitled to a resentencing hearing when the court was not imposing a new sentence, but was instead simply modifying an existing sentence, we quoted our holding in *Patterson* that "'[a] defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking.'" *Id.* (quoting *Patterson*, 42 F.3d at 248) (alteration in original). Based on *Patterson*, which, in turn, cited *Moree*, we explained that "[a] defendant is entitled to be present when the district court is imposing a new sentence after the original sentence has been set aside; however, a defendant does not have a right to be present when his sentence is merely modified by the district court." *Id.* Applying these precedents to Erwin's case, we concluded that his due process rights were not violated.

No. 14-10735

> Here, the district court modified Erwin's sentence in accordance with this Court's reversal of the conspiracy count and the affirmation of the district court decision in all other respects. Erwin's conviction was reduced from life plus 120 years to life plus 105 years. We have found that such a downward correction of an illegal sentence does not constitute resentencing requiring the presence of a defendant. Thus, Erwin was not entitled to a resentencing hearing, and therefore, his due process rights were not violated.

*Id.*

As in *Patterson* and *Erwin*, in the instant case the amended judgment simply modified Clark's sentence in accordance with this court's reversal of count 4, our affirmance of Clark's convictions and sentences on the remaining counts, and the dismissal of count 4 on remand based on the government's motion. On the direct appeal from Clark's convictions and sentence, we held that "with one exception, no reversible error was committed." *Clark I*, 139 F.3d 899, at \*1. We rejected Clark's challenge to the denial of his motion to suppress on the basis that the warrantless stop and search of his truck was supported by probable cause, *id.*; his challenge to the sufficiency of the evidence to support his conviction for conspiracy, *id.*; his challenge to the district court's failure to sequester the witnesses because he failed to establish plain error, *id.*; his suggestion that the government failed to comply with § 851(a), *id.*; and his contention that the district court failed to follow the procedures mandated by § 851(b) because, if true, it would amount only to harmless error, *id.* We concluded, however, that Clark's conviction on count 4—a violation of § 924(c)(1)—must be reversed. *Id.* Citing our decision in *United States v. Wilson,* 116 F.3d 1066 (5th Cir. 1997), we held that "[a]lthough the evidence may support Clark's conviction under the 'carry' prong of § 924(c)(1), [the

conviction could not stand] because the jury may have rendered a guilty verdict because of the liberal pre-*Bailey* instructions on what constituted 'use' of a firearm in relation to drug trafficking." *Id.* (bracketed material added). Regarding count 4, we held that "Clark's conviction on this count is REVERSED. The case is REMANDED to the district court for a new trial on the 'carry' prong of the statute. In all other aspects, Clark's conviction is AFFIRMED." *Id.* (citation omitted). We then concluded our opinion: "AFFIRMED IN PART; REVERSED AND REMANDED IN PART." *Id.*

It is apparent that in *Clark I* we affirmed Clark's convictions and sentences on counts 1, 2, 3, and 5, and we reversed only his conviction on count 4 and remanded for a new trial on that count alone. There was no retrial because the government moved to dismiss that count rather than retry Clark. When the district court granted Clark's motion in 2014 and entered the amended judgment eliminating the sentence on count 4, it was correcting an illegal sentence by eliminating a conviction on a count that had been reversed on appeal and later dismissed on the government's motion. The district court did not resentence Clark.

Because the entry of the amended judgment was not the imposition of a new sentence, and the sentence modification did not make the sentence more onerous, Clark's presence was not required under Rule 43, and Clark was not entitled to a hearing at which he was present, represented by counsel, and had the opportunity to be heard.

C

Clark attempts to distinguish *Moree, Patterson*, and *Erwin*[2] on the basis that, at the time those cases were decided, it was possible under Rule 43 to correct a sentence when required by an appellate court, and to sentence the defendant *in absentia*, at least when the sentence was reduced. Although the basis for this argument evolves from Clark's opening brief and reply brief to his Rule 28(j) letter, he ultimately posits that the pre-1998 version of Rule 43 authorized *in absentia* action when a remand was made under Rule 35(a), thus distinguishing *Moree, Patterson*, and *Erwin* from Clark's case, to which a different version of Rule 35 applies.[3]

Clark's attempt to distinguish *Moree, Patterson*, and *Erwin* is misplaced. Although in *Moree* we noted the potential confusion arising from the interplay between amended Rule 35 and Rule 43, we found it unnecessary to resolve the possible problems arising from this confusion because our precedents provided the answer. *Moree*, 928 F.2d at 655-56 (stating that "[f]ortunately, we need resolve none of [the potential problems] here" because "[w]e have long recognized the distinction between proceedings in the district court that modify an existing sentence and those that impose a new sentence after the original sentence has been set aside," and holding that "[i]n the former instance, the presence of the defendant usually is not required, unless the modification

---

[2] He also attempts to distinguish *United States v. Rainwater*, 317 Fed. Appx. 431 (5th Cir. 2009) (per curiam), an unpublished opinion of this court, on the same basis.

[3] In his opening brief, Clark relied on the pre-2002 version of Rule 35 to distinguish *Moree, Patterson*, and *Erwin*, although he cited the 1998 amendment to Rule 43 in a footnote. Likewise, in his reply brief, he relied on the pre-2002 version of Rule 35, again citing the 1998 amendment to Rule 43 in a footnote. In his Rule 28(j) letter, however, in an apparent attempt to overcome the force of the government's Rule 28(j) letter, Clark refines his position to rely primarily on the pre-1998 version of Rule 43.

makes the sentence more onerous"). In other words, our holding in *Moree* did not turn on the particular version of Rule 35. Clark cannot distinguish *Patterson* on this basis because that decision did not involve Rule 35 or 43. And although *Erwin* cited and quoted Rules 35 and 43, it relied more on the holdings of *Pineda* and *Patterson* than it did the particular version of Rule 35 or 43. *See Erwin*, 277 F.3d at 730-31.

In his Rule 28(j) letter, Clark cites the Advisory Committee Note to the 1998 Amendment to Rule 43 to support his assertion that he had the right to be present when the district court entered the amended judgment. But the Advisory Committee Note confirms that the Committee viewed our opinion in *Moree* as illustrating the proper distinction between a sentence modification and a resentencing. *See* Rule 43 advisory committee's note (1998 amendments) (citing *Moree*).[4] Nothing in the 1998 amendment to Rule 43(c)(4) undercuts

---

[4] The Advisory Committee Note stated, in pertinent part:

> The amendment to Rule 43(c)(4) is intended to address two issues. First, the rule is rewritten to clarify whether a defendant is entitled to be present at resentencing proceedings conducted under Rule 35. As a result of amendments over the last several years to Rule 35, implementation of the Sentencing Reform Act, and caselaw interpretations of Rules 35 and 43, questions had been raised whether the defendant had to be present at those proceedings. Under the present version of the rule, it could be possible to require the defendant's presence at a "reduction" of sentence hearing conducted under Rule 35(b), but not a "correction" of sentence hearing conducted under Rule 35(a). That potential result seemed at odds with sound practice. As amended, Rule 43(c)(4) would permit a court to reduce or correct a sentence under Rule 35(b) or (c), respectively, without the defendant being present. But a sentencing proceeding being conducted on remand by an appellate court under Rule 35(a) would continue to require the defendant's presence. *See, e.g., United States v. Moree*, 928 F.2d 654, 655-656 (5th Cir. 1991) (noting distinction between presence of defendant at

the distinction we drew in *Moree*, or in *Patterson* or *Erwin*, both of which cite *Moree*.  This means that these precedents cannot be distinguished on the basis that they were decided when the pre-1998 version of Rule 43 was in effect.

Moreover, we note that the Fourth Circuit cited our opinion in *Erwin* when deciding a case in which the original sentencing and the entry of the amended judgment (without resentencing) both took place *after* the 1998 amendment to Rule 43.  *See United States v. Hadden*, 475 F.3d 652, 667, 668 (4th Cir. 2007) (citing *Erwin*, 277 F.3d at 731).  Although *Hadden* decided questions in the context of a § 2255 habeas petition and is distinguishable on that basis, it is instructive nonetheless because of its reasoning and its conclusion that Rules 32 and 43 did not apply to Hadden's case since the district court did not conduct a resentencing.  And *Hadden*, like the instant case, addressed whether resentencing was required after a § 924(c) conviction and consecutive sentence were vacated and the other counts and sentences were left undisturbed.

## D

Clark also maintains that the district court was required to resentence him because his aggregate sentence on all counts—the "sentencing package"— was "unbundled" when we reversed his conviction on count 4 and remanded for a new trial on the "carry" prong.  We disagree.

In some cases, when we reverse convictions or sentences on fewer than all counts, the aggregate sentence must be unbundled, and the defendant must

---

modification of sentencing proceedings and those hearings that impose new sentence after original sentence has been set aside).

Rule 43 advisory committee's note (1998 Amendments).

be resentenced on all counts. *See, e.g., United States v. Bass*, 104 Fed. Appx. 997, 1000 (5th Cir. 2004) (per curiam). This occurs when the sentences or counts are interrelated or interdependent—for example, when the reversal of the sentence on one count *necessarily* requires the review of the entire sentence. This is not the case here. Counts 1 and 2 carried mandatory life sentences, and count 4 carried a mandatory minimum sentence that by statute had to be imposed consecutively to the sentences on all other counts. *See* 18 U.S.C. § 924(c)(1). The district court ordered the sentences on counts 1, 2, 3, and 5 to run concurrently with one another, but, as required by statute, it ordered the sentence on count 4 to run consecutively to all other counts. On appeal, we affirmed Clark's convictions and sentences on all counts except count 4. Our reversal of count 4 did not unbundle any sentencing package of which count 4 was a part. Accordingly, the district court was not obligated to resentence Clark on the basis that the sentencing package had become unbundled.

IV

We now consider whether our reversal and remand of Clark's conviction and sentence on count 4 entitled Clark to challenge anew at a resentencing hearing his sentences on other counts on remand. We review this question *de novo*. *See, e.g., United States v. Roussel*, 705 F.3d 184, 201 (5th Cir. 2013) (stating that *Apprendi* challenges to sentences are reviewed *de novo*); *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012) (stating that this court "review[s] de novo a district court's application of the remand order, including whether the law-of-the-case doctrine or mandate rule forecloses the district court's actions on remand." (internal quotation marks and citation omitted));

*United States v. Carales-Villalta*, 617 F.3d 342, 344 (5th Cir. 2010) (stating that because issue concerned interpretation of scope of this court's appellate mandate, and "whether the law-of-the-case doctrine or mandate rule forecloses the district court's actions on remand," it should be reviewed *de novo*).

## A

Clark maintains that our reversal and remand of count 4 rendered his sentences on counts 1, 2, 3, and 5 open to challenge on remand, and that, because the district court did not convene a resentencing hearing or appoint counsel to represent him, he was improperly precluded from relying on two intervening Supreme Court decisions: *Apprendi* and *Alleyne*.  According to Clark, *Apprendi* and *Alleyne* are properly considered "intervening" because his convictions on counts 1, 2, 3, and 5 were not yet final at the time these cases were decided.  The government responds that Clark was not resentenced on remand; under the law of the case doctrine, the district court was not permitted to revisit Clark's sentences on counts 1, 2, 3, or 5; and both intervening cases were decided long after Clark's convictions became final in 1998, when the district court dismissed count 4.

## B

The law of the case doctrine prohibits a district court from reviewing or deciding issues that have been decided on appeal, whether expressly or by implication.  *Teel*, 691 F.3d at 582.  A district court is authorized on remand only to review "those discrete, particular issues identified by the appeals court for remand."  *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004); *see also United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998) ("The only issues on remand properly before the district court are those issues arising out of the correction of the sentence ordered by this court.").  The district court must

"implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002). The district court may exceed the appellate mandate, however, when "there has been an intervening change of law by a controlling authority." *Id.* A defendant can challenge his sentence based on an intervening change of law that has occurred *before* his conviction is final. *Griffith v. Kentucky*, 479 U.S. 314, 316 (1987).

Neither *Apprendi* nor *Alleyne* is reasonably considered intervening law because neither case was decided until after Clark's convictions and sentences became final. On direct appeal, we affirmed his convictions and sentences on counts 1, 2, 3, and 5, and remanded solely for a new trial on count 4 (charging a violation of § 924(c)). *Clark I,* 139 F.3d 899, at *1. On remand, the district court was only authorized to retry, or otherwise dispose of, count 4. Under the law of the case doctrine, the district court was not authorized to entertain challenges to Clark's sentences on counts 1, 2, 3, and 5, considering that this court had affirmed them on direct appeal. The district court granted the government's motion to dismiss count 4. When it dismissed count 4, Clark's convictions and sentences on counts 1, 2, 3, and 5 became final. The entry of the amended judgment at that point would have been a ministerial act because our affirmance of the convictions and sentences on 1, 2, 3, and 5 dictated the sentences to be imposed on remand. *See, e.g., Hall v. Moore*, 253 F.3d 624, 627 (11th Cir. 2001) (quoting *Golden v. Newsome*, 755 F.2d 1478, 1483 n.9 (11th Cir. 1985)) ("Obviously, where the precise sentence for a particular offense is mandatorily fixed by law such that its imposition is merely a ministerial ceremony, with no discretion to be exercised by the sentencing judge, the absence of counsel at such a proceeding could not *possibly* be prejudicial.").

No. 14-10735

C

What transpired between 1998 and 2014 corroborates the finality of Clark's convictions and sentences on counts 1, 2, 3, and 5 in 1998. Clark initiated several collateral attacks on the judgment under 28 U.S.C. § 2255. It is a jurisdictional requirement of § 2255 that the conviction and sentence being challenged are final. *See, e.g., Jones v. United States,* 453 F.2d 351, 352 (5th Cir. 1972) (per curiam) (holding that collateral attack under § 2255 was premature where direct appeal of defendant's conviction was still pending). And Clark filed his first habeas petition within one year of the date the district court dismissed count 4, in an apparent attempt to comply with the applicable one-year limitations period. *See* 28 U.S.C. § 2255(f) (providing that "1-year period of limitation" applies to motions under § 2255). Moreover, despite Clark's multiple attempts to obtain collateral relief from his convictions and sentence, at no point until 2014, when Clark filed his motion to be resentenced, did Clark, the government, the district court, or, for that matter, we question whether Clark's convictions and sentences were final.

Accordingly, because Clark's convictions and sentences became final before *Apprendi* and *Alleyne* were decided, the law of the case doctrine precluded Clark from relying on them to challenge his sentences on other counts of which he had been convicted. He was not entitled to a resentencing hearing before the district court entered the amended judgment so that he could make *Apprendi-* and *Alleyne*-based challenges to the sentences on other counts.

\* \* \*

For the reasons explained, the amended judgment is AFFIRMED.