# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10084

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EDDIE FRANKLIN DOUGLAS,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:92-CR-141-2

Before STEWART, Chief Judge, and WIENER and PRADO, Circuit Judges.

PER CURIAM:*

Federal prisoner #23800–077 Eddie Franklin Douglas appeals the district court's denial of his motion pursuant to Federal Rule of Criminal Procedure Rule 36. For the following reasons, we affirm.

## I. Facts & Procedural History

In 1993, Douglas was convicted by a jury of a drug-related conspiracy, using and carrying a firearm during a drug-trafficking crime, and being a felon in possession of a firearm. *See United States v. Fike*, 82 F.3d 1315, 1319, 1330

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10084

(5th Cir. 1996). He was sentenced to a mandatory term of life imprisonment without release on the conspiracy count, a concurrent life sentence on the using-and-carrying count, and a consecutive five-year term on the felon-in-possession count. *Id.* at 1330. On appeal, Douglas's using-and-carrying conviction was vacated on grounds of insufficiency of the evidence. *Id.* at 1328 (addressing Count 17). After vacating the using-and-carrying conviction, this court specified that "[i]n view of Douglas'[s] sentence of life imprisonment without parole [on the conspiracy count], there is no need to remand his case for resentencing." *Id.* Douglas subsequently filed a 28 U.S.C. § 2255 motion, which the district court denied.

In August 2014, Douglas filed a motion pursuant to Federal Rule of Criminal Procedure 36 requesting that the district court correct the judgment to reflect that his using-and-carrying conviction had been vacated. He also sought resentencing on the basis that this court's vacator of his conviction on one count of a multi-count conviction "unbundle[d]" the original sentencing package. He argued that he was entitled to be resentenced in accordance with subsequent changes in the law.

In October 2014, Douglas filed a petition for a writ of mandamus with this court complaining that the district court ignored our mandate in his criminal appeal by failing to issue a new judgment showing that his using-and-carrying conviction had been vacated. He requested that we correct the "clerical error" in the original judgment and order resentencing based upon subsequent changes in the law.

On November 13, 2014, the district court construed Douglas's Rule 36 motion as a successive 28 U.S.C. § 2255 motion and denied it because Douglas had not received this court's permission to file a successive Section 2255 motion. The district court also denied Douglas a certificate of appealability. The next day, the district court issued a separate order denying the Rule 36

motion explaining that the alleged error was not a clerical error within the meaning of the rule.  The court further based its denial of the motion on this court's statement in the 1996 appellate opinion that a remand for resentencing was unnecessary in light of Douglas's life sentence on the conspiracy conviction.  *See Fike*, 82 F.3d at 1328.

On November 24, 2014, Douglas filed a "Motion to Reconsider Rule 36" seeking reconsideration of the district court's "denial of his motion to correct clerical error entered on November 14, 2014."  He argued that the alleged error was in fact a "clerical error" correctable under Rule 36 and that this court's statement on appeal that resentencing was not necessary did not mean that the district court or its clerk did not have the duty to amend the judgment to reflect that the conviction was vacated.  Douglas further averred that the district court was obligated to correct the judgment for the purpose of removing the special assessment fee.  Douglas complained that he could be denied a pardon because the judgment continued to incorrectly reflect that he had a using-and-carrying conviction.

In December 2014, we denied Douglas's mandamus petition, determining that, because the district court had denied his Rule 36 motion, which sought the same relief as his mandamus petition, he had an available appellate remedy.  We explained that the denial of Douglas's Rule 36 motion was a criminal matter, that the denial of his Section 2255 motion was a civil matter, and that he could timely appeal the denial of either motion.  Accordingly, we concluded that mandamus relief was not appropriate because Douglas had an appellate remedy.

In January 2015, the district court denied Douglas's "Motion to Reconsider Rule 36." Douglas filed this appeal.[1]

---

[1] This court granted Douglas's motion to proceed in forma pauperis on appeal.

No. 15-10084

## II. Standard of Review

We conduct a de novo review of the district court's order denying Douglas's Rule 36 motion. *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 246 (5th Cir. 2016).

## III. Discussion

Douglas argues on appeal that this court's 1996 opinion vacating his using-and-carrying conviction was a mandate to the district court to amend the original judgment to reflect that the conviction was vacated and to remove the special assessment for that conviction.[2]  We disagree.

In *United States v. Clark*, we explained that "[t]he law of the case doctrine prohibits a district court from reviewing or deciding issues that have been decided on appeal, whether expressly or by implication."  816 F.3d 350, 361 (5th Cir. 2016).  When a case is remanded, a district court may only "review those discrete, particular issues identified by the appeals court for remand." *Id.* (citations omitted) (internal quotation marks omitted). Likewise, the district court is required to "implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *Id.* (quoting *United States v. Matthews*, 312 F.3d 652, 657 (5th Cir. 2002)).  In certain circumstances, however, the appellate court may determine that remand of a particular case is unnecessary and instead, simply reverse and render.  *See Aransas Project v. Shaw*, 775 F.3d 641, 658 (5th Cir. 2014) ("[W]hen the record permits only one resolution of the factual issue after the correct law is applied, remand is unnecessary."); *United States v. Oliphant*, 456 F. App'x 456, 458 (5th Cir. 2012) (per curiam) ("[T]he discrepancy between the oral and written judgments is an ambiguity that can be resolved by reviewing

---

[2] Douglas claims that he was not aware that the judgment was unchanged until May 2014, when the Bureau of Prisons purportedly denied his petition for compassionate release and the denial referenced the using-and-carrying conviction.

the record as a whole; therefore, remand is unnecessary."); *Matthews*, 312 F.3d at 660 ("[I]f we had intended only a ministerial resentencing, we could have reversed and rendered the . . . sentence to save everyone involved time, expense, and effort."); *United States v. Hernandez-Guevara*, 162 F.3d 863, 878 (5th Cir. 1998) (noting that the appellate court "need not waste judicial resources by remanding for what undoubtedly would be a rote resentencing").

This court expressly declined to remand Douglas's case after vacating his using-and-carrying conviction—which carried a life sentence—because he was already serving a life sentence without parole for the conspiracy conviction. *Fike*, 82 F.3d at 1328, 1330. Consequently, the district court was never afforded an opportunity to revisit Douglas's sentence or amend its original judgment because doing so was deemed to be unnecessary by this court on appeal. *Id.* at 1328; *see also United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998) ("The only issues on remand properly before the district court are those issues arising out of the correction of the sentence ordered by this court."); *Clark*, 816 F.3d at 361 (providing that under the law of the case doctrine, when a case is remanded, the district court may only "review those discrete, particular issues identified by the appeals court for remand") (internal quotation marks omitted). Consequently, we disagree with Douglas that this court's 1996 opinion vacating his using-and-carrying conviction was a mandate to the district court to amend its original judgment.

Douglas further argues on appeal that the district court's failure to amend the original judgment is a clerical error that is correctable under Rule 36 and that he is entitled to resentencing. This argument is also without merit.

Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 is a limited tool that does not permit new factual or legal analyses. *United States*

5

*v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014).  Rather, the rule is meant only to correct "mindless and mechanistic mistakes."  *Id.* (quoting *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 505 (5th Cir. 1994).  "Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under Rule [36]."  *Ramirez-Gonzalez*, 840 F.3d at 247 (quoting *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 199 (5th Cir. 2011) (indicating that Federal Rule of Criminal Procedure 36 and Federal Rule of Civil Procedure 60(a) are similar in that both are limited tools meant to correct "mindless and mechanistic mistakes" (quoting *Mackay*, 757 F.3d at 200)).

The relief Douglas seeks under Rule 36 is not just correction of a judgment but resentencing "to comply with existing law."[3]  As this court has acknowledged, "[t]his is not the type of error that is correctable under Rule 36." *United States v. Valdez*, 631 F. App'x 239, 240 (5th Cir. 2016) (per curiam) (citing *United States v. Steen*, 55 F.3d 1022, 1025–26 n.3 (5th Cir. 1995) (noting that although the statute does not define "clerical error," "the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and caselaw applying those rules provide guidance on what constitutes clerical error")).[4]

Finally, to the extent that Douglas takes issue with the special assessment fee that he paid in connection with the using-and-carrying

---

[3] In his reply brief, Douglas states that he "abandon[s] the sentencing package argument" but nevertheless continues to submit that he is entitled to resentencing.

[4] We acknowledge that in *United States v. Saikaly*, the Sixth Circuit dealt with a case involving strikingly similar facts to the one herein.  207 F.3d 363 (6th Cir. 2000).  There, the district court granted relief pursuant to 28 U.S.C. § 2255 and vacated the defendant's 18 U.S.C. § 924(c) conviction, but its second judgment and commitment order continued to state that the defendant was found guilty of the offense.  *Id.* at 372.  The Sixth Circuit ordered the district court to correct the "clerical error" in the second judgment on remand pursuant to Rule 36.  *Id.*  However, because this court did not remand Douglas's case after vacating his using-and-carrying conviction on appeal, *Saikaly* is distinguishable and, in any event, only persuasive authority. *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 533 (5th Cir. 2015) (providing that out-of-circuit cases can constitute persuasive authority).

No. 15-10084

conviction prior to reversal on appeal, a prisoner's erroneous payment of a special assessment is not considered a clerical error that is correctable under Rule 36. *Valdez*, 631 F. App'x at 240 (citing *Steen*, 55 F.3d at 1025 n.3).[5]

Accordingly, we hold that the district court did not err in denying Douglas's Rule 36 motion. *Ramirez-Gonzales*, 840 F.3d at 246.[6]

## IV. Conclusion

For the aforementioned reasons, we affirm the order of the district court denying Douglas's Rule 36 motion.[7]

---

[5] To the extent that Douglas challenges the Bureau of Prison's alleged improper denial of his petition for compassionate release on grounds that the denial referenced his using-and-carrying conviction, again, "[t]his is not the type of error that is correctable under Rule 36." *United States v. Valdez*, 631 F. App'x 239, 240 (5th Cir. 2016) (citing *United States v. Steen*, 55 F.3d 1022, 1025 n.3 (5th Cir. 1995)). Douglas has administrative remedies available to address such complaints. *See* 28 C.F.R. § 542.10. Once those administrative remedies are exhausted, Douglas may petition for habeas relief pursuant to 28 U.S.C. § 2241. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (noting that absent exceptional circumstances, "a federal prisoner filing a § 2241 petition must first pursue all available administrative remedies").

[6] Douglas alternatively requests that we recall the part of our 1996 opinion stating that a remand for resentencing was not necessary and that we "issue instructions to the [district] court on how the judgment should be effectuated" once the district court removes the vacated conviction from the judgment. We decline to do so. Although the Supreme Court has recognized that appellate courts have the inherent authority to recall their mandates, that power should be exercised only upon a showing of "extraordinary circumstances." *United States v. Emeary*, 794 F.3d 526, 527–28 (5th Cir. 2015). Douglas has failed to make such a showing.

[7] To be clear, we affirm both the district court's denial of Douglas's reconsideration motion and the underlying order denying the original Rule 36 motion.