# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50531
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

October 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL GERARDO VELASQUEZ, also known as Shortman, also known as Shorty,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1726-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

A jury convicted Manuel Gerardo Velasquez of (i) one count of knowingly engaging in a continuing criminal enterprise, a violation of 21 U.S.C. § 848; (iii) one count of conspiracy to launder money; (iii) seven counts of possession with the intent to distribute marijuana; and (iv) two counts of knowingly using a place for the manufacture or distribution of marijuana.  The district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced Velasquez to concurrent sentences of life imprisonment on six counts, 240 months of imprisonment on three counts, and 60 months of imprisonment on two counts.  Velasquez challenges his § 848 continuing criminal enterprise conviction for lack of sufficient evidence.  He asserts that the district court erred in calculating the drug quantity used to determine his base offense level under U.S.S.G. § 2D1.1(c) and that his life sentence is substantively unreasonable.  Because Velasquez did not renew his motion for a judgment of acquittal at the close of all the evidence, we review the sufficiency of the evidence for a manifest miscarriage of justice.  *See United States v. Delgado*, 672 F.3d 320, 331 (5th Cir. 2011) (en banc).  Reversal is warranted only if "the record is *devoid of evidence* pointing to guilt or if the evidence is so tenuous that a conviction is shocking."  *Id.* (internal quotation marks and citation omitted).

To prove a violation of § 848, the Government must establish that "(1) the defendant organized, supervised, or managed five or more persons (2) in a continuing series of drug violations (3) from which the defendant obtained substantial income." *United States v. Fuchs*, 467 F.3d 889, 904 (5th Cir. 2006); *see also* § 848.  Velasquez contends that the evidence was not sufficient to establish that he obtained substantial income from the drug trafficking operation.

"[T]he requirement that a defendant obtain substantial income from drug trafficking is satisfied by showing that many thousands of dollars changed hands, and that some was received by the defendant." *United States v. Gonzalez*, 866 F.2d 781, 784 (5th Cir. 1989); *see United States v. Bolts*, 558 F.2d 316, 321 (5th Cir. 1977).  This element can be satisfied when the record shows the defendant "had no legitimate source of income during the period covered by the indictment, yet paid his living expenses and obtained a steady

No. 16-50531

supply" of illegal drugs. *United States v. Lewis*, 476 F.3d 369, 379 (5th Cir. 2007).

The evidence established that Velasquez was the leader of a drug trafficking operation that transported thousands of pounds of marijuana and produced millions of dollars and that he did not have a legitimate source of income and earned money only from drug trafficking. The evidence, when viewed in the light most favorable to the Government sufficiently established that Velasquez obtained substantial income from drug trafficking; Velasquez has failed to show that "the record is devoid of evidence of guilt or . . . the evidence is so tenuous that a conviction is shocking." *Delgado*, 672 F.3d at 331.

Because Velasquez did not object to the presentence report's drug quantity calculations or the substantive reasonableness of his life sentence below, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). He must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Velasquez's PSR provided that he should be held accountable for 26,197.37 kilograms of marijuana. The district court adopted the PSR's findings. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted) (district court may adopt facts in PSR without inquiry if facts have adequate evidentiary basis and sufficient reliability and defendant does not present rebuttal evidence or demonstrate that information in PSR is unreliable). Generally, "a PSR bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence

in making the factual determinations required by the Sentencing Guidelines." *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). Velasquez did not present evidence to rebut the PSR's findings, and his generalized and conclusory statement that the PSR's drug quantity findings were based on "'guesses' by cooperating individuals/co-defendants" fails to establish that the PSR lacked an adequate evidentiary basis and that the district court committed an error, much less a clear or obvious error, in adopting the PSR's drug quantity findings. *See United States v. Montgomery*, 747 F.3d 303, 312 (5th Cir. 2014).

"Appellate review for substantive reasonableness is highly deferential, because the sentencing court is in a better position to find facts and judge their import under the [18 U.S.C. § 3553(a)] factors with respect to a particular defendant." *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011) (internal quotation marks and citation omitted). A sentence within the guidelines range is presumptively reasonable, and "[t]he presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The district court considered the mitigating circumstances articulated by counsel and considered the § 3553(a) factors. Velasquez has not demonstrated that his sentence failed to account for a sentencing factor that should have received significant weight. He has not rebutted the presumption that the within-guidelines sentence is reasonable. *See United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Accordingly, Velasquez has failed to establish that the district court plainly erred in sentencing him to a life term of imprisonment.

No. 16-50531

The life sentences Velasquez received for Counts 7, 10, and 11 exceed the statutory maximum of 480 months of imprisonment.  21 U.S.C. § 841(b)(1)(B). The Government seeks reformation of the judgment to 480 months as to each of these convictions.  The imposition of life sentences for Counts 7, 10, and 11 comports with the district court's oral pronouncement of the sentences and are not mere "clerical errors" subject to reformation as contemplated by Federal Rule of Criminal Procedure 36.  *See United States v. Douglas*, No. 15-10084, 2017 WL 2544526, 3 (5th Cir. June 9, 2017) (not designated for publication). Accordingly, it is ordered that the sentences imposed on Counts 7, 10, and 11 are VACATED, and the case is REMANDED to the district court for resentencing as to those counts only, consistent with this opinion.  *See United States v. Carrion-Caliz*, 944 F.2d 220, 222 (5th Cir. 1991).

AFFIRMED IN PART, VACATED IN PART, AND REMANDED.