# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60333
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 27, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH E. FAIRLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:16-CR-3-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

In September 2016, a jury found Defendant-Appellant Kenneth E. Fairley guilty of one count of conspiracy to commit theft of government funds (Count One) and two counts of theft of government funds (Counts Two and Three). The district court sentenced Fairley to concurrent terms of 36 months imprisonment and 36 months supervised release plus a $30,000 fine and $60,223.95 in restitution. On appeal, we vacated his convictions on Counts

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60333

Two and Three, affirmed his conviction on Count One, affirmed the district court's evidentiary and sentencing rulings, and remanded for "the district court to determine whether Fairley's sentence should change in light of the vacated convictions." *United States v. Fairley*, 880 F.3d 198, 202 (5th Cir.), *cert. denied*, 139 S. Ct. 321 (2018).

On remand, the district court denied Fairley's request for a resentencing hearing and preparation of an updated presentence report because the underlying facts considered at sentencing remained the same, and the court would have imposed the same sentence if it had considered Count One separately from Counts Two and Three. The district court determined that the only necessary modification to Fairley's judgment was to reduce the mandatory assessment fees from $300 to $100 to reflect the two vacated convictions.

In this appeal, Fairley claims that the district court erred by refusing to conduct a full resentencing hearing. He clarifies that he is not challenging the outcome of the district court's determination of his sentence on remand.

We review de novo the district court's application of a remand order and its compliance with the law-of-the-case doctrine or mandate rule. *United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012). We have "adopted a restrictive rule for interpreting the scope of the mandate in the criminal sentencing context." *United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004) (internal quotation marks, citation, and brackets omitted). "[O]nly those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court." *Id.* (internal quotation marks and citation omitted). However, "once an issue is remanded for resentencing, all new matter relevant to that issue appealed, reversed, and remanded, may be taken into consideration by the resentencing court." *United States v. Marmolejo*, 139 F.3d 528, 530 (5th Cir. 1998).

No. 18-60333

Although we did not specifically direct the district court to resentence Fairley on remand, Fairley contends that our citation to, and parenthetical quotation of, *United States v. McRae*, 795 F.3d 471, 483 (5th Cir. 2015), in a footnote indicated our implied intent that the district court should conduct a resentencing hearing. *See Fairley*, 880 F.3d at 202 & n.1. However, our opinion in *McRae* did not specifically require a sentencing hearing on remand in that case. *See McRae*, 795 F.3d at 473, 483-84.

On remand, the district court complied with our explicit mandate in *Fairley*. The court modified Fairley's sentence rather than imposing a new sentence, so Fairley is not entitled to a full resentencing hearing or any procedural accompaniments. *See United States v. Clark*, 816 F.3d 350, 353-58 (5th Cir. 2016); *United States v. Erwin*, 277 F.3d 727, 728-29 (5th Cir. 2001).

AFFIRMED.